**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1169-24

ANDREJ SITNIKOV,

     Plaintiff–Respondent,

v.

LEONARD LEBEDINSKY,
individually, OLGA LEBEDINSKY,
individually, ARTEM HVAC, LLC,
EVEREST HEATING AND
COOLING, LLC, and AIR
DYNAMICS AND CONTROLS,
LLC,

     Defendants,

and

ANATOLI VYSOTSKI, individually,
and VILLE DOORS,[1]

     Defendants-Appellants.

_____

Submitted April 29, 2026 – Decided May 18, 2026

Before Judges Mayer and Jacobs.

---

[1] Ville Doors, LLC was incorrectly identified as "Ville Doors" in the complaint.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0919-20.

Stephen J. Buividas, attorney for appellants Anatoli Vysotski and Ville Doors, LLC.

Lueddeke Law Firm, attorneys for respondent (Karri Lueddeke, on the brief).

PER CURIAM

Defendants Anatoli Vysotski and Ville Doors, LLC (Ville Doors) appeal from an order denying their motion to vacate default judgment and awarding counsel fees to plaintiff Andrej Sitnikov. We affirm.

Plaintiff purchased windows from defendants for a home improvement project. Before purchasing the windows, plaintiff emailed defendants asking if the windows contained argon filament and how he could place an order. Vysotski confirmed to plaintiff the windows had argon filament. He then prepared an invoice for delivery of twenty windows to plaintiff for a total cost of $6,704.85. Plaintiff paid the invoiced amount in full.

After delivery of the windows, contrary to Vysotski's representation, plaintiff realized they did not contain argon filament. On October 2, 2019, plaintiff emailed defendants stating the windows "came without [a]rgon." Vysotski replied the "[g]lass didn't come with argon. It wasn't priced for it."

2

Plaintiff sued defendants,[2] alleging violations of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -233, common law fraud, breach of contract, negligence, and breach of warranty. The complaint identified Vysotski as the owner of Ville Doors, a limited liability company.

An affidavit of service confirmed defendants were served with plaintiff's complaint on February 12, 2020. Vysotski, as a self-represented litigant, attempted to file an answer on behalf of himself and Ville Doors. Vysotski believed he filed the answer.[3] A March 13, 2020 stamp from the court indicated the answer was marked as "received" on that same date; however, the stamp's "filed" notation was cross-out.

In the absence of any answer from defendants, plaintiff moved for leave to enter default and to schedule a proof hearing. Plaintiff required a proof hearing because he sought an award of treble damages under the CFA. Defendants did not oppose the motion.

---

[2] Plaintiff named other parties in connection with his home improvement project. However, those defendants are not parties to this appeal.

[3] Although the record includes certified mail receipts for mailings sent to the Clerk of the Superior Court in Middlesex County and to plaintiff's counsel on March 12, 2020, and September 5, 2023, there is no affidavit or certification identifying the documents sent on these dates.

In a November 3, 2023 order, Judge Bruce J. Kaplan granted plaintiff leave to enter default against defendants and directed plaintiff's counsel to serve a copy of the order "by regular and certified mail, return receipt requested, and recognized overnight delivery service" at defendants' last known address. The order directed plaintiff's counsel "to contact the Civil Assignment Office and request a proof hearing for . . . January 25, 2024." On March 13, 2024, the court rescheduled the proof hearing for 9:00 a.m. on April 25, 2024. Plaintiff's counsel sent notice of the rescheduled proof hearing to defendants by regular and certified mail on March 14, 2024.

Vysotski appeared at the rescheduled proof hearing for himself and Ville Doors.[4] According to the transcript from an August 8, 2024 motion to vacate default judgment, the judge allowed Vysotski to testify at the April proof hearing despite not filing an answer. At the proof hearing, Judge Kaplan asked Vysotski if he represented himself and advised "if he did have a lawyer, the role of the lawyer would be limited." The judge also recalled asking Vysotski if he wanted to proceed with the proof hearing without a lawyer. The judge recollected Vysotski responded he would continue without a lawyer.

---

[4] On appeal, defendants failed to provide the transcript from the April 25, 2024 proof hearing.

A-1169-24

On May 23, 2024, after hearing plaintiff's testimony, reviewing plaintiff's evidence, and considering Vysotski's testimony, the judge entered judgment against defendants for violating the CFA. The judge trebled the invoice amount paid by plaintiff for the windows for a total award of $19,320. The May 23 order for judgment also allowed plaintiff to submit an affidavit for an award of attorney's fees and costs.

On June 28, 2024, defendants moved to vacate the default judgment under Rule 4:50-1. Vysotski submitted a certification in support of the motion. According to his certification, Vysotski stated he "prepared an [a]nswer to the [c]omplaint shortly after [he] was served" and "provided affirmative defenses as well." He further certified he "believe[d] [he] filed the [a]nswer within the time prescribed by the Rules" via certified mail sent on March 12, 2020, and the answer was stamped "received" but was not filed.

On August 8, 2024, the judge heard argument on defendants' motion. Defendants were represented by counsel at the motion hearing. Defense counsel argued defendants demonstrated excusable neglect and proffered a meritorious defense in support of vacating default judgment under Rule 4:50-1.

The judge denied the motion. He recalled the proof hearing did not require extensive testimony because there was no "huge dispute" and, as memorialized

A-1169-24

by the parties' emails, "[t]he parties agree[d] that they entered into an agreement."

Regarding defendants' failure to provide plaintiff with windows containing argon filament, the judge explained "[t]here[] [was] no claim that there was any misunderstanding." Based on a review of his notes from the proof hearing, the judge recalled Vysotski testified about "an increase in the price or a delay in the ordering," resulting in the ordering of windows without argon filament, despite plaintiff having been told the windows would contain argon.

The judge found defendants proffered a "good argument" in support of excusable neglect or mistake. However, the judge held defendants could not establish a meritorious defense to plaintiff's CFA claim. The judge concluded defendants made an affirmative misrepresentation under the CFA and liability attached to both defendants.

After the judge denied defendants' motion to vacate the judgment, plaintiff's attorney filed an affidavit in support of attorney services, requesting $15,590 in attorney's fees and $696.65 in costs. In a November 8, 2024 order and attached statement of reasons, the judge ordered defendants to pay plaintiff's attorney's fees and costs in an amount totaling $7,956.65. The judge analyzed plaintiff's affidavit of services according to Rules of Professional Conduct 1.5.

A-1169-24

Based on his statement of reasons, the judge reduced the requested hourly rate and total number of hours expended.

On appeal, defendants argue the judge abused his discretion in denying their motion to vacate judgment because they satisfied the requirements under Rule 4:50-1(a). They further contend the judgment is void under Rule 4:50-1(d) due to "service/notice defects." Additionally, defendants argue they were entitled to relief under Rule 4:50-1(f). Lastly, they assert the judge "failed to apply the correct legal framework and to make adequate findings." We reject these arguments.

We note defendants' failure to provide a transcript of the April 25, 2024 proof hearing hampers our review of certain arguments on appeal. Rule 2:6-1(a)(1) requires an appellant to provide "parts of the record . . . as are essential to the proper consideration of the issues."

The absence of April 25, 2024 proof hearing transcript is problematic for several reasons. First, based on the judge's statements during the motion to vacate the default judgment, it appears Vysotski testified at the proof hearing despite not having filed an answer to plaintiff's complaint. Vysotski's testimony at the proof hearing would have been improper because, "absent special circumstances[,] a defaulting party may not offer his own liability witnesses"

A-1169-24

and generally may only "cross-examine liability witnesses against him." Jugan v. Pollen, 253 N.J. Super. 123, 129-30 (App. Div. 1992) (citations omitted).

Further, it is unclear whether Vysotski's testimony at the proof hearing was limited to testimony on his own behalf or included testimony on behalf of Ville Doors. Ville Doors is a limited liability company. Under Rule 1:21-1(c), corporate entities "shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State." Vysotski could not proceed on behalf of Ville Doors at the proof hearing because he is not an attorney.

Further, certain arguments in support of defendants' claimed meritorious defenses asserted the lack of an "extensive proof hearing" and challenged "questions asked at [the] proof hearing." Without the proof hearing transcript, we are unable to consider these arguments. Defendants' failure to include an essential transcript in the record justifies our declining to consider defendants' arguments on this point. See Cipala v. Lincoln Technical Institute, 179 N.J. 45, 55 (2004) (affirming the appellate court's refusal to address issues where record lacked a final order or transcript of trial proceedings).

We next address defendants' argument that the judge erred in denying their motion to vacate the default judgment under Rule 4:50-1. We disagree.

8

A trial judge's determination whether to award relief under Rule 4:50-1 "will be left undisturbed unless it represents a clear abuse of discretion." DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).  An abuse of discretion exists "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (internal quotation marks omitted) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Under Rule 4:50-1, a "court may relieve a party or the party's legal representative from a final judgment or order for . . . (a) mistake, inadvertence, surprise, or excusable neglect . . . or (f) any other reason justifying relief from the operation of the judgment or order."  "[A] defendant seeking to reopen a default judgment . . . must show that the neglect to answer was excusable under the circumstances and that [they] ha[ve] a meritorious defense." Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (first alteration in original) (quoting Morales v. Santiago, 217 N.J. Super. 496, 501 (App. Div. 1987)).

Judge Kaplan determined defendants arguably demonstrated excusable neglect.  However, defendants were still required to demonstrate a meritorious

defense to plaintiff's CFA claim to vacate the default judgment under Rule 4:50-1.

The CFA prohibits:

> The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby.
>
> [N.J.S.A. 56:8-2.]

To establish a CFA violation, "a person must commit an 'unlawful practice' as defined in the legislation." Cox v. Sears Roebuck & Co., 138 N.J. 2, 17 (1994). "Unlawful practices fall into three general categories: affirmative acts, knowing omissions, and regulation violations." Ibid. "When the alleged consumer-fraud violation consists of an affirmative act, intent is not an essential element, and the plaintiff need not prove that the defendant intended to commit an unlawful act." Id. at 17-18 (citing Chattin v. Cape May Green, Inc., 124 N.J. 520, 522 (1991) (Stein, J., concurring)).

Importantly, "[i]n light of the broad remedial purposes of the CFA and the expansive sweep of the definition of 'person,' it is clear that an individual who commits an affirmative act or a knowing omission that the CFA has made actionable can be liable individually." Allen v. V & A Bros., Inc., 208 N.J. 114, 131 (2011). Thus, "individuals may be independently liable for violations of the CFA, notwithstanding the fact that they were acting through a corporation at the time." Ibid.

Here, Vysotski cannot avoid liability under the CFA because he made an affirmative misrepresentation to plaintiff. Specifically, Vysotski represented the windows he sold to plaintiff contained argon filament. According to Judge Kaplan's recitation of the facts from the proof hearing incorporated in his findings on the motion to vacate judgment, Vysotski admitted he sent an email to plaintiff representing the windows contained argon filament when they did not. Nowhere in the record do defendants provide a meritorious defense to plaintiff's CFA claim.

Defendants alternatively argue the default judgment is void under Rule 4:50-1(d) because "[t]he record presented unresolved notice/service defects." However, defendants do not identify the claimed defects. Even if we were able to discern the claimed notice and service defects alleged by defendants, their

11

argument under Rule 4:50-1(d) is belied by the portion of the transcript from the motion to vacate judgment cited in their merits brief. According to the cited portion of the transcript, defense counsel referenced letters sent by plaintiff to defendants on March 16, 2021, August 3, 2021, October 1, 2021, November 18, 2021, December 1[4], 2021, and October [2]1, 2022. These letters were acknowledged to have been received by defendants. Additionally, defendants failed to explain how they knew to attend the April 24, 2024 proof hearing if they never received any of the other mailings sent by plaintiff's counsel. Without amplification in defendants' merits brief, we are unable to discern defendants' arguments regarding defective notice or service.

We also reject defendants' arguments under Rule 4:50-1(f). They argue this subsection of the Rule provides a "safety valve," allowing the judge to grant equitable relief "[g]iven [defendants'] prompt motion practice, lack of prejudice to [plaintiff], and [assertion of] non-frivolous defenses." Hous. Auth. of Morristown, 135 N.J. at 286.

"Because of the importance that we attach to the finality of judgments, relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.'" Ibid. (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)). "However, '[b]ecause R[ule] 4:50-1(f) deals with exceptional

circumstances, each case must be resolved on its own particular facts.'"  <u>Ibid.</u> (first alteration in original) (quoting <u>Baumann</u>, 95 N.J. at 395).

Here, defendants failed to identify any truly exceptional circumstances justifying application of <u>Rule</u> 4:50-1(f).  Thus, we are satisfied Judge Kaplan did not abuse his discretion in declining to vacate the judgment.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division